IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01214-ZLW

WILLIAM A. MAUNZ,

      Plaintiff,

v.

DENVER COUNTY SHERIFF'S DEPT.,

      Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

      Plaintiff, William A. Maunz, has filed *pro se* on August 3, 2010, a document titled

"Petition/Motion to Re-Open Civil Prisoner's Complaints, 42 § 1983" in which he asks

the Court to vacate the Order of Dismissal and the Judgment entered in this action on

July 2, 2010. The Court must construe the motion to reconsider liberally because Mr.

Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated

below, the motion will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Therefore,

because the motion to reconsider filed by Mr. Maunz was filed more than twenty-eight days after the Judgment was entered in this action, the motion will be considered pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Maunz failed to cure certain deficiencies. In fact, Mr. Maunz did not respond to the order directing him to cure deficiencies within the time allowed.

Mr. Maunz still has not cured the deficiencies in this action, and he does not address his failure to cure the deficiencies in the motion to reconsider. Instead, he apparently asks the Court to reopen this action because he allegedly was assaulted by Denver police officers in November 2009 and again at the Denver County Jail in April 2010.

Upon consideration of the motion to reconsider and the entire file, the Court finds that the motion must be denied. Mr. Maunz fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Maunz is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Maunz wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the motion to reconsider filed on August 3, 2010, is denied.

DATED at Denver, Colorado, this  6th  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01241-ZLW

William Maunz
Prisoner No.  457517
Denver County Jail
PO Box 1108
Denver, CO 80201


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/6/10

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk